IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JORGE GEOVANY HERNANDEZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-00713-RWS |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |

## ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Docket No. 15), which contains her findings, conclusions and recommendations for the disposition of this matter, and Petitioner's Motion for Issuance of a Certificate of Appealability (Docket No. 18). Petitioner Jorge G. Hernandez, an inmate confined at the Texas Department of Criminal Justice Correctional Institutions Division, proceeding *pro se*, filed the above-captioned civil action to petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636 and the applicable orders of this Court. After reviewing the petition, the Magistrate Judge issued a Report recommending the petition be dismissed with prejudice and recommending that a certificate of appealability be denied.[1] Docket No. 15. Petitioner filed objections in response. Docket No. 17. The Court hereby adopts the Report and Recommendation of the Magistrate Judge (Docket No. 15) as the findings and conclusions of this Court.

Petitioner raises objections to the Magistrate Judge's Report that either reargue the claims asserted in his petition (Docket No. 1) or raise new issues for the Court's consideration. Docket No. 17. Petitioner first objects to the Magistrate Judge's Report and Recommendation concerning his claim regarding an allegedly improper jury charge (Claim Three). *Id.* at 1–3. Petitioner argues that the jury instruction was "confusing" and "improper," but fails to show that the jury instruction

---

[1] Petitioner filed the present Motion for Issuance of a Certificate of Appealability after the Magistrate Judge issued her Report and Recommendation. *See* Docket Nos. 15, 18. As discussed below, however, Petitioner's motion does not remedy the deficiencies identified in the Magistrate Judge's Report, which recommends finding that Petitioner is not entitled to a certificate of appealability. *See infra* pp. 3–4.

had a substantial and injurious effect or influence on the jury's verdict. *Id.* at 2; *see also Galvan v. Cockrell*, 293 F.3d 760, 765 (5th Cir. 2002) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

Petitioner further suggests that the Court admits "the jury charge was in error." Docket No. 17 at 2. To the contrary, however, the Magistrate Judge's Report notes that "the jury charge correctly instructed the jury on the crime [], largely tracked the language of the indictment and the continuous sexual abuse statute, advised the jury of the relevant offense dates, and required unanimity as to the elements of the crime as required by the Sixth Amendment to the Constitution." Docket No. 15 at 14–15. Petitioner's first objection is therefore without merit.

Petitioner next objects to the Magistrate Judge's Report and Recommendation concerning his claims regarding ineffective assistance of counsel (Claims Two and Four). *Id.* at 3–5. Regarding his trial counsel, Petitioner argues his counsel failed to adequately investigate the medical evidence and move to appoint a medical expert to rebut the State's evidence and testimony (Claim Two). *Id.* at 3. In his petition and objections, Petitioner fails to, however, support his claim by naming an expert witness who was available to testify. *See, e.g., id.*; *see also Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must, *inter alia*, name the witness and demonstrate that she was available to testify and would have done so). As the Magistrate Judge notes, "[a] petitioner's unsupported claims regarding an uncalled expert witness 'are speculative and disfavored by this Court as grounds for demonstrating ineffective assistance of counsel.' " Docket No. 15 at 18 (citing *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002)).

Petitioner also claims that his trial counsel failed to object to the jury charge (Claim Four). Docket No. 17 at 5. In his objections, Petitioner requests that he be allowed to return to the state court to exhaust this claim. *Id.* The Magistrate Judge's Report, however, notes that if Petitioner presented his claim, at this time, to the Texas Court of Criminal Appeals in another state writ application, the court would find it to be procedurally barred under the Texas abuse of the writ doctrine. Docket No. 15 at 23 (citing Tex. Code Crim. Proc. Ann. art. 11.07 § 4; *Ex parte*

*Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000)). The Magistrate Judge thus found that this claim is barred from federal habeas review under the federal procedural default doctrine. *Id.* (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995); *see also Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008)). Petitioner does not challenge this finding.[2]

Regarding his appellate counsel, Petitioner raises, for the first time in his objections, several claims of ineffective assistance of appellate counsel. Docket No. 17 at 5–7. Issues raised for the first time in objections, however, are not properly before the Court and need not be addressed. *See Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Petitioner therefore fails to show that, but for his trial counsel's and appellate counsel's deficient performance, the outcome of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner's second objection is therefore also without merit. Accordingly, Petitioner fails to show that the Magistrate Judge's Report and Recommendation is in error or that he is entitled to habeas relief.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (explaining that district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such review, the Court has determined that the Report of the Magistrate Judge is correct and Petitioner's objections are without merit.

Additionally, the Petitioner is not entitled to the issuance of a certificate of appealability based upon either his petition (Docket No. 1) or objections thereto (Docket No. 17). An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting

---

[2] Moreover, the Magistrate Judge also found that, even if not barred, Claim Four was alternatively without merit because Petitioner's "trial counsel's failure to challenge the jury charge based on unanimity did not fall below an object standard of reasonableness and did not cause Petitioner to suffer prejudice." Docket No. 17 at 24 (citing *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.")).

a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).

To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate (1) that the issues are subject to debate among jurists of reason, (2) that a court could resolve the issues in a different manner or (3) that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *see also Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Here, Petitioner's motion continues to address the merits of his ineffective assistance of counsel and erroneous jury charge claims. *See, generally* Docket No. 18. Petitioner has not, however, shown that any of the issues raised by his petition are subject to debate among jurists of reason. Nor has he shown that the questions presented are worthy of encouragement to proceed further. Petitioner has, therefore, failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued at this time. Accordingly, it is

**ORDERED** that the Petitioner's objections (Docket No. 17) are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. It is further

**ORDERED** that the above-titled cause of action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Petitioner's Motion for Issuance of a Certificate of Appealability (Docket No. 18) is **DENIED**.

**So ORDERED and SIGNED this 7th day of November, 2022.**

                                                                                           *Robert W Schroeder III*
                                                                                           ROBERT W. SCHROEDER III
                                                                                           UNITED STATES DISTRICT JUDGE